O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MILORAD OLIC,                               ) Case No. SA CV 13-112-MWF (SP)
            Petitioner,              )
                       ) MEMORANDUM AND ORDER
      v.                                   ) SUMMARILY DISMISSING PETITION
                       ) FOR WRIT OF HABEAS CORPUS
WILLIAM KNIPP,                              )
            Respondent.             )
_____ )

## I.

## <u>INTRODUCTION</u>

Petitioner Milorad Olic filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") on January 24, 2013. Petitioner presents five grounds for relief: (1) ineffective assistance of counsel; (2) denial of right to contact the Serbian embassy; (3) underrepresentation of Mexican Americans in the jury pool; (4) judicial misconduct; and (5) denial of doctor-prescribed meal and medicine, constituting systematic torture.  Pet. at 5-7; Pet. P. & A. at 1-8.

After reviewing the Petition, on January 28, 2013, the Court issued an Order to Show Cause why the Petition should not be dismissed because, as indicated in the Petition, petitioner had not exhausted his state remedies with respect to any of the

grounds raised in his Petition.  On February 15, 2013, petitioner filed a response to the Order to Show Cause ("Response"), conceding that the claims in the Petition are unexhausted but arguing that lack of exhaustion should be excused due to external factors that prevented petitioner from exhausting the claims.  After reviewing all the papers, this Court finds that the Petition must be dismissed without prejudice.

## II.

## PROCEEDINGS

On April 7, 2011, an Orange County jury found petitioner guilty of one count of attempted murder (Cal. Penal Code §§ 664(a), 187(a)) and one count of elder and dependent adult abuse (Cal. Penal Code § 368(b)(1)).  The jury found true the allegations of premeditation and deliberation on the attempted murder charge and the allegations of great bodily injury on an elder and personal use of a deadly weapon, on both charges (Cal. Penal Code §§ 1192.7, 12022(b)(1), 12022.7(c)).  Pet. at 2; Pet. App. B.[1]  On June 24, 2011, the trial court sentenced petitioner to a total term of thirteen years to life with the possibility of parole for attempted murder and the enhancements, and stayed execution of the three-year sentence for elder and dependent adult abuse and the enhancements.  Pet. at 2; Pet. App. B.

Petitioner filed a petition for direct review in the California Court of Appeal. Petitioner contended the trial court erred by granting his request for self-representation pursuant to *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).  Pet. App. B.  Petitioner also contended that the trial court erred in its jury instructions by giving CALCRIM No. 372 because that particular instruction permitted the jury to infer guilt from petitioner's conduct of fleeing or attempting to flee.  *Id.*

---

[1]    Petitioner included only the first two pages of the California Court of Appeal's decision as Appendix B of his Petition.  The Court takes judicial notice of the Court of Appeal's full opinion, which can be found at: 2012 WL 3309653 (Cal. Ct. App. Aug. 14, 2012).

1  On August 14, 2012, the California Court of Appeal rejected both of petitioner's

2  arguments and affirmed his conviction.  *Id.*

3         Petitioner's petition for review in the California Supreme Court was denied

4  without comment on October 17, 2012.  Pet. App. A.

5                                              **III.**

6                                      <u>**DISCUSSION**</u>

7         It is well established that, before a state prisoner may challenge his state

8  conviction in federal court via a federal habeas petition, he must first exhaust his

9  federal grounds for relief in state court.  28 U.S.C. § 2254(b); *see also Duncan v.*

10 *Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  To

11 satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims

12 to the state courts, "to give the State the opportunity to pass upon and correct alleged

13 violations of its prisoners' federal rights."  *Duncan*, 513 U.S. at 365 (internal quotation

14 marks and citation omitted).  "To provide the State with the necessary 'opportunity,'

15 the prisoner must 'fairly present' his claim in each appropriate state court (including a

16 state supreme court with powers of discretionary review), thereby alerting that court to

17 the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347,

18 158 L. Ed. 2d 64 (2004) (citations omitted).

19        To "fairly present" a federal claim to the state's highest court, the petitioner

20 must alert that court to the claim in the brief or petition presented to that court.

21 *Baldwin*, 541 U.S. at 31-32.  A state prisoner does not "fairly present" a claim to a

22 state court if that court must read beyond the petition or a brief to find material, such as

23 a lower court opinion in the case, that does so.  *Id.*  Further, the petitioner must

24 describe both the federal legal theory and the operative facts to the state court so that

25 court has a "'fair opportunity' to apply controlling legal principles to the facts bearing

26 upon his constitutional claim."  *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74

27

28                                              3

L. Ed. 2d 3 (1982) (per curiam) (citation omitted).  In describing the federal legal theory to the state court, a petitioner must identify the specific federal claim; general appeals to a constitutional guarantee as broad as due process are insufficient to fairly present the "substance" of a federal claim to a state court.  *See Gray v. Netherland*, 518 U.S. 152, 163, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

Here, it is apparent petitioner failed to raise any of his five asserted grounds for federal habeas relief in the California courts.  The Petition states that none of the grounds it raises have been ruled on by either the California Court of Appeal or the California Supreme Court.  Pet. at 5-6.  In his Response to the Court's Order to Show Cause, petitioner concedes also that the claims in the Petition are unexhausted.  Resp. 1-3.

In one portion of the Petition, petitioner identifies one of the grounds he raised before the California Court of Appeal and the California Supreme Court as "ineffective assistance of counsel," which is one of the five claims petitioner makes in the instant Petition.  Pet. at 2.  The Court of Appeal's decision reveals, however, that petitioner did not make such an ineffective assistance claim there, but asserted only that the trial court should not have granted his *Faretta* request to self-represent.  Pet. App. B.  Challenge to a *Faretta* request determination is not an ineffective assistance of counsel claim, and in particular it is not the claim petitioner makes in the instant Petition, which claims ineffective assistance by his private investigator.  *See* Pet. at 5.  Petitioner's indication in the instant Petition that he has not exhausted the ineffective assistance of counsel ground in the state courts, petitioner's incorrect characterization of the *Faretta* claim to the Court of Appeal as an ineffective assistance claim, and petitioner's concession of non-exhaustion in the Response to the Order to Show Cause lead this Court to conclude that petitioner also did not raise an ineffective assistance of counsel claim before the California Supreme Court.  And there can be no question

4

1  from the Petition that petitioner failed to raise any of his four other claims before the

2  California Supreme Court.

3      While conceding non-exhaustion of the five grounds in the Petition, petitioner

4  argues in his Response to the Order to Show Cause that his failure to exhaust should be

5  excused since external factors beyond his control prevented petitioner from exhausting

6  state court remedies for the grounds in the Petition.  Resp. at 1-3.  Petitioner identifies

7  two external factors in the Response: (1) petitioner's appellate counsel's refusal to

8  include, in the briefing to the California Court of Appeal, the issues petitioner now

9  raises in the Petition; and (2) petitioner's investigator's failure to give him trial

10  motions, which prevented petitioner from raising certain issues in the state courts.  *Id.*

11  Moreover, petitioner cites a number of cases in purported support of his argument and

12  includes a letter from his appellate counsel.  *Id.*; *see also* Resp. Ex. A.

13      After reviewing petitioner's Response, this Court finds petitioner's argument to

14  be unpersuasive.  The cases cited by petitioner involved instances in which habeas

15  petitioners challenged findings of procedural default by identifying excuses for default.

16   *See* Resp. 1-3.  But failure to exhaust is different than procedural default.  *Cassett v.*

17  *Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005).

18      "The exhaustion doctrine applies when the state court has never been

19      presented with an opportunity to consider a petitioner's claims and that

20      opportunity may still be available to the petitioner under state law.  In

21      contrast, the procedural default rule barring consideration of a federal

22      claim applies only when a state court has been presented with the federal

23      claim, but declined to reach the issue for procedural reasons, or if it is

24      clear that the state court would hold the claim procedurally barred."

25  *Id.* (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002)).  Objective

26  factors such as those identified by petitioner cannot excuse petitioner's failure to

27

28                                        5

exhaust because this Court finds the Petition only to be unexhausted, not procedurally defaulted; opportunity for exhaustion of state remedies apparently remains fully open to petitioner at this time.  Accordingly, petitioner's wholly unexhausted Petition should be dismissed without prejudice.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition and dismissing this action without prejudice.


DATED: March 7, 2013

_____
HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE


Presented by:


_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

6